# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-415V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * *
MATTHEW MORRIS,                        *
                                       *
                Petitioner,            *         Filed:  August 3, 2016
                                       *
v.                                     *
                                       *         Decision; Attorney's Fees and
SECRETARY OF HEALTH                    *         Costs.
AND HUMAN SERVICES,                    *
                                       *
                Respondent.            *
                                       *
* * * * * * * * * * * * * * * * * * * *
```

*Patricia Finn*, Patricia Finn, P.C., Piermont, NY, for Petitioner.

*Alexis Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On June 26, 2012, Matthew Morris filed a petition seeking compensation under the National Vaccine Injury Compensation Program,[2] based upon allegations that he had developed myalgias and paresthesias from a Tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine he received on August 29, 2009. Pet. (ECF No. 1) at 2; Pet'r's Ex. 2 at 3. Thereafter, on November 9, 2012, Respondent filed her Rule 4(c) report arguing that Petitioner had filed to demonstrate that

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

he was entitled to compensation in this case. ECF No. 13. Petitioner's former counsel – the law firm of Conway, Homer & Chin-Caplan, P.C. (the "Homer Firm") – subsequently filed a status report on January 3, 2014, stating that they would be withdrawing from representation of Mr. Morris, who was seeking alternative counsel. ECF No. 25.

To that end, on February 11, 2014, Petitioner filed a motion requesting an interim award of fees and costs in the amount of $17,604.10 (representing attorney's fees in the amount of $16,915.50, plus costs in the amount of $688.69) (ECF No. 28). Respondent subsequently opposed the fees request on February 20, 2014 (ECF No. 29), arguing that Petitioner had failed to demonstrate any of the circumstances necessary to justify an interim award. Respondent did not, however, object to the specific amounts requested for fees and costs. ECF No. 29 at 4 n.3. In addition, while she did not specifically contest reasonable basis existed at that stage of the case's life, she reserved the right to assert the matter later. *Id.* at 4 n.2.

By decision dated June 4, 2014, I chose to defer ruling on Petitioner's motion for interim fees and costs until conclusion of the entitlement phase of this case. ECF No. 34. While I was not persuaded by Respondent's arguments about the propriety of an interim award under the circumstances, I nevertheless determined that based on the record as it then existed, I could not find that there existed a reasonable basis for Petitioner claim. *Id.* at 8. I specifically noted that the testimony of an appropriate expert would be very important to the ultimate success of Mr. Morris's petition, or at least to establishing the existence of reasonable basis. *Id.* at 9.

Following the withdrawal of the Homer Firm on June 10, 2014 (ECF No. 37), Mr. Morris proceeded as a *pro se* litigant for a period of time before Patricia Finn entered an appearance in this case on December 4, 2014 (*see* ECF No. 44). Thereafter, both parties filed expert reports in this matter (ECF Nos. 50, 53, and 57).

During a status conference on September 29, 2015, the parties stated that they had now completed the filing of expert reports in this matter, and I expressed the view that this case would be resolved most efficiently without a hearing (as Vaccine Rule 8(d) empowers special masters to do in appropriates cases). ECF No. 59. Both parties expressly agreed to resolve the matter in this manner without an entitlement hearing. *Id.* I therefore proposed that the parties provide briefing on the relevant issues, after which I would allow them both the opportunity to respond. *Id.* On January 19, 2016, Respondent file a motion requesting a decision dismissing this case (ECF No. 64), and Petitioner filed a reply to this motion in February 5, 2016 (ECF No. 66). I subsequently issued a decision dated April 1, 2016, finding that Petitioner was not entitled to compensation under the terms of the Act. ECF No. 67.

Petitioner has now filed an unopposed motion for attorney's fees and costs, dated June 28, 2016, reflecting work performed on the matter by his existing counsel, Ms. Finn. *See* ECF No. 70. Petitioner requests reimbursement in the amount of $18,000.00 for legal fees and costs incurred in this matter. *Id.* This amount represents a sum to which Respondent does not object. *Id*. In addition, and in compliance with General Order No. 9, Petitioner represents that he has incurred $2,500.00 in out-of-pocket, litigation-related expenses in conjunction with this proceeding, related to payment of a retainer to his expert, Dr. Beatrice Engstrand. *Id*.

Although the fees incurred by Ms. Finn are not disputed and therefore may be awarded on the terms requested, that still leaves the issue of the Homer Firm's pending fees request (which is no longer "interim," since the case has been dismissed). Originally, I deferred action on the motion because it appeared at the time that reasonable basis was an open question. But in the intervening period, and despite the fact that the claim was unsuccessful, Petitioner was able to marshal sufficient evidence, along with an expert report, for me to conclude that in fact reasonable basis exists.[3] Accordingly (and in the absence of any renewed objection by Respondent to the propriety of the fees and costs previously requested),[4] I shall now grant Petitioner's prior application for interim costs.

I approve the requested amounts for attorney's fees and costs as reasonable, as well as the formerly interim fees request submitted on the Homer Firm's behalf. Accordingly, (a) an award of $18,000.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's current counsel, Patricia Finn, Esq.; (b) an award of $17,604.10 should be made in the form of a check payable jointly to Petitioner and Petitioner's former counsel, Ronald C. Homer; and (c) an award of $2,500.00 should be made in the form of a check payable solely to Petitioner. Payment of these amounts represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e).

---

[3] Special masters may, at their discretion, award attorney's fees and litigation costs to unsuccessful litigants as long as the petition was (a) filed in good faith and (b) with a reasonable basis. *See* § 300aa-15(e)(1). The inquiry into reasonable basis is an objective test that can be satisfied by providing or pointing to evidence of a relationship between the vaccination and the alleged injury, taking into account the overall circumstances relevant to a given petitioner's claim. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981 at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). The reasonable basis test does not evaluate the likelihood of the claim's ultimate success in establishing causation, but rather weighs the feasibility of the claim. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030 at *6 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) ("[C]ounsel may file a claim on grounds that are reasonable but ultimately are determined not to merit Program compensation.").

[4] The fact that Respondent has chosen not to object to the propriety of an award of attorney's fees and costs for Ms. Finn suggests that she similarly no longer questions the basis for awarding fees and costs to Petitioner's former counsel.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[5]

    **IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.